UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| TABARI S STRONG, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 2:12-CV-106 |
| | § | |
| BRAD LIVINGSTON, *et al*, | § | |
| | § | |
| Defendants. | § | |

**ORDER ADOPTING MEMORANDUM AND RECOMMENDATION**

Pending before the Court are: (1) Plaintiff's Motion for Summary Judgment, (D.E. 31); (2) Defendants' Motion for Partial Dismissal, (D.E. 34); and (3) Plaintiff's Amended Motions for Preliminary Injunction, (D.E. 52, 54). On October 17, 2013, United States Magistrate Judge B. Janice Ellington submitted a Memorandum and Recommendation (D.E. 55) addressing these motions. The Magistrate Judge recommends: (1) that Plaintiff's Motion for Summary Judgment be denied; (2) that Defendants' Motion for Partial Dismissal be granted; and (3) that Plaintiff's Amended Motions for Preliminary Injunction be granted in part and denied in part. Defendants timely filed Objections on October 31, 2013. (D.E. 58). Plaintiff also timely filed Objections on November 27, 2013. (D.E. 62).

Plaintiff is a Muslim prisoner incarcerated at the Texas Department of Criminal Justice's (TDCJ) McConnell Unit. Plaintiff filed this lawsuit alleging that the TDCJ's grooming policy was a violation of his rights under the Religious Land Use and

Institutionalized Persons Act (RLUIPA)[1] and the First Amendment as well as his right to equal protection under the Fourteenth Amendment. The grooming policy requires inmates to be clean-shaven. Plaintiff avers that his adherence to Islam and the teachings of its prophets prohibit him from being clean-shaven.

In making her recommendations, the Magistrate Judge concluded: (1) Summary Judgment in favor of Plaintiff would be inappropriate because although "[s]tanding alone, the *Garner* decision itself may effectively be grounds for this Court to find that the TDCJ's clean-shaven policy violates RLUIPA . . . the evidence offered by [P]laintiff to sustain this argument is not;" (2) The Eleventh Amendment barred any claims against Defendants in their official capacities for money damages but did not bar a claim for prospective injunctive relief; (3) Defendants were entitled to dismissal of claims against them in their individual capacities because RLUIPA does not apply to a defendant acting in its individual capacity;[2] (4) Plaintiff's equal protection claims should be dismissed because he did not allege that the grooming policy was applied only to Muslims and thus failed to state a cognizable equal protection claim; (5) "[I]t would be contrary to justice to not grant the [injunctive] relief requested by [P]laintiff to wear a quarter-inch beard;" and (6) Plaintiff was not entitled to injunctive relief for new charges against correctional officers for alleged harassment. Both parties' Objections are set out and discussed below.

---

[1] 42 U.S.C. § 2000cc–2(a) (2006).
[2] The pertinent language of the general rule states that "no *government* shall impose a substantial burden on the religious exercise of a person residing or confined to an institution . . . ." 42 U.S.C. § 2000cc–1(a) (2006) (emphasis added).

In reaching its conclusions, this Court will only consider the record developed at the time the Memorandum and Recommendation was entered and will not expand the record by incorporating evidence not before the Magistrate Judge when her recommendations were made.

## DEFENDANTS' OBJECTIONS

Defendants object to the Magistrate Judge's recommendation to partially grant Plaintiff's Amended Motion for Preliminary Injunction.

First, Defendants object because "[t]he finding that Plaintiff is not facing irreparable harm independently bars entry of a preliminary injunction in his favor." (D.E. 58, p. 4). In analyzing this second factor for the award of injunctive relief, the Magistrate Judge determined that "[a]lthough the harm [suffered by Plaintiff] is not irreparable, in light of [the] fact that the Fifth Circuit has conclusively found the policy to be a burden, any continued enforcement of it amounts to at least some harm that need not be endured." (D.E. 55, p. 17).

The award of injunctive relief requires irreparable harm. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (requiring "plaintiffs seeking preliminary relief to demonstrate that irreparable injury is likely in the absence of an injunction."). Plaintiff has satisfied the irreparable harm requirement as a matter of law because he has alleged violations of his RLUIPA rights. *See Opulent Life Church v. City of Holly Springs*, 697 F.3d 279, 295 (5th Cir. 2012) (holding that "[Plaintiff] has demonstrated that it will suffer irreparable harm absent the injunction it seeks . . . because it has alleged violations of its First Amendment and RLUIPA rights."). "RLUIPA enforces First

Amendment freedoms, and the statute requires courts to construe it broadly to protect religious exercise." [3]  *Id.*  "The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury."  *Id.* (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)).  Because Plaintiff brings his claim under RLUIPA, inherent in which is an allegation of a violation of his religious freedoms, he has satisfied the irreparable harm requirement.  Defendants' first objection is **OVERRULED**.

Second, Defendants object to the Magistrate Judge's conclusion that Plaintiff established a likelihood of success on the merits of his challenge to the TDCJ grooming policy based on the Fifth Circuit's recent decision in *Garner v. Kennedy*, 713 F.3d 237 (5th Cir. 2013).  Despite an earlier motion by Defendants to abate these very proceedings pending the outcome of *Garner* because "the same issue in *Garner* is now before the Court," (D.E. 14, p. 2), Defendants now argue that *Garner* does not control the case at bar since "Plaintiff is not the beneficiary of the declaratory judgment or the injunction from *Garner*," and Defendants' ability to proffer evidence in order to rebut Plaintiff's claims is not foreclosed by its holding.  (D.E. 58, p. 5).  The Magistrate Judge observed that "[t]he *Garner* decision effectively holds that the TDCJ grooming policy requiring inmates to be clean-shaven violates RLUIPA, and it effectively affirms the right of a Muslim inmate to wear a quarter-inch beard as a valid exercise of his faith."  (D.E. 55, p. 9).  This Court agrees.

---

[3] "This chapter shall be construed in favor of a broad protection of religious exercise, to the maximum extent permitted by the terms of this chapter and the Constitution."  42 U.S.C. § 2000cc–3(g) (2006).

The fact that Plaintiff was not the beneficiary of *Garner*'s holding does not frustrate its application as controlling precedent in this case. The record in this case is strikingly similar to the record before the Fifth Circuit in *Garner*, and the favorable outcome for the plaintiff in that case militates strongly in favor of success on the merits for Plaintiff in this case. Defendants' second objection is **OVERRULED**.

Third, Defendants object to the Magistrate Judge's finding that Plaintiff's substantial injury outweighs the threatened harm to Defendants "because *DeMoss*[4] and *Gooden*[5] demonstrated that allowing inmates to wear quarter-inch beards makes Texas prisons more expensive and less secure." (D.E. 59, p. 7). In *Garner*, the Fifth Circuit declined to extend the holdings of *DeMoss* and *Gooden* "in light of the more-developed record and the factual findings present" in the case before it. *Garner*, 713 F.3d at 244. Then, while recognizing that it must "accord due deference to the experience and expertise of prison and jail administrators," the Fifth Circuit found no clear error in the district court's finding that any increased costs to the TDCJ would be insignificant despite testimony that permitting Muslim inmates to wear quarter-inch beards would increase both costs and security concerns. *Id.* at 246-47.

The record developed at the time the Memorandum and Recommendation was entered fails to disclose significant costs to the TDCJ that would outweigh Plaintiff's substantial injury. In fact, Defendants voluntarily allowed Plaintiff to wear a quarter-inch beard after the Fifth Circuit's decision in *Garner*. Both the decision in *Garner* and the

---

[4] *DeMoss v. Crain*, 636 F.3d 145 (5th Cir. 2011).
[5] *Gooden v. Crain*, 353 F.App'x. 885 (5th Cir. 2009) (unpublished).

fact that Defendants responded to that decision by voluntarily allowing Plaintiff to wear a quarter-inch beard support the conclusion that Plaintiff's substantial injury outweighs the threatened harm to Defendants.  Defendants' third objection is **OVERRULED**.

Finally, Defendants object to the conclusion that granting Plaintiff's Amended Motions for Preliminary Injunction to the extent that he would be permitted to wear a quarter-inch beard would not disserve the public interest.  (D.E. 58, p. 7).  The Fifth Circuit has held that "[i]njunctions protecting First Amendment freedoms are always in the public interest."  *Opulent Life Church*, 697 F.3d at 298 (citations omitted).  Therefore, when a likelihood of success on the merits is established, the final requirement for a preliminary injunction is met.  *Id.*  "This principle applies equally to injunctions protecting RLUIPA rights because, as discussed, RLUIPA enforces the First Amendment and must be construed broadly."  *Id.*  Because Plaintiff has established a likelihood of success on the merits of his RLUIPA claim, which alleges infringement upon his religious freedoms, a preliminary injunction would not disserve the public interest.  Defendants' fourth objection is **OVERRULED**.

## PLAINTIFF'S OBJECTIONS

Plaintiff was granted an extension to file objections to the Memorandum and Recommendation of October 17, 2013.  (D.E. 61).  However, his Objections are primarily directed at Defendants' Motion for Summary Judgment (D.E. 57) which was filed after the Magistrate Judge made her recommendations.  In his Objections, Plaintiff does not challenge the recommendation to deny his Motion for Summary Judgment (D.E. 31) and partially deny his Amended Motions for Preliminary Injunction (D.E. 52, 54).  He also

does not challenge the recommendation to dismiss his equal protection claim, any claims against Defendants in their individual capacities, and any claims against Defendants for money damages.  Defendants' Motion for Summary Judgment was not pending before the Magistrate Judge when her Memorandum and Recommendation was entered and so it is not before the Court for consideration at this juncture.

Since Plaintiff has not made specific objections to the Magistrate Judge's Memorandum and Recommendation, this Court need only satisfy itself that there is no plain error on the face of the record with regard to Plaintiff's claims.  *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 308 (5th Cir. 2005) (citations omitted).  Finding no plain error, this Court **ADOPTS** the findings of fact and conclusions of law expressed in the Memorandum and Recommendation with regard to the pending motions.  (D.E. 31, 34, 52, and 54).

## CONCLUSION

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Plaintiff's and Defendants' Objections, and all other relevant documents in the record, and having made a *de novo* disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Defendants' Objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge.  Accordingly, Plaintiff's Motion for Summary Judgment is **DENIED**, Defendants' Motion for Partial Dismissal is **GRANTED**, and

Plaintiff's Amended Motions for Preliminary Injunction are **GRANTED in part and DENIED in part**.

ORDERED this 20th day of December, 2013.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE