UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| TABARI S STRONG, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 2:12-CV-106 |
| | § | |
| BRAD LIVINGSTON, *et al*, | § | |
| | § | |
| Defendants. | § | |

### ORDER DENYING PLAINTIFF'S MOTION FOR CONTEMPT AND CONTINUING STAY OF PROCEEDINGS

Pending are Plaintiff's motions for contempt and motion to expedite consideration of the contempt motions. (D.E. 89, 93, 96). For the reasons stated herein, Plaintiff's motions are denied. In addition, despite Defendants' voluntary dismissal of their interlocutory appeal, this case is continued STAYED until resolution of *Ali v. Stephens,* Case No. 9:09-cv-052, currently pending in the United States District Court for the Eastern District of Texas, Lufkin Division, and set for a bench trial on July 14, 2014.

### I.  Procedural background and Plaintiff's current allegations.

The background facts of this case have been detailed in prior orders and need not be repeated herein. (*See e.g.,* D.E. 16, 55). For purposes of this Order, it is sufficient to note that, on December 20, 2013, Plaintiff was granted a preliminary injunction in his favor to grow and maintain a ¼ inch beard as a religious exercise of his Muslim faith. (D.E. 67). In response to that order, Defendants filed a notice of interlocutory appeal and moved to stay the proceedings while the appeal was pursued. (D.E. 69, 70). The Court denied the stay concerning the injunctive relief granted to Plaintiff (D.E. 76), but stayed

the litigation while on appeal. (D.E. 76, 77). Thereafter, Defendants moved for a voluntary dismissal of the appeal, and on March 17, 2014, the Fifth Circuit dismissed the appeal. (D.E. 91).

Plaintiff has filed motions for contempt and for expedited consideration. (*See* D.E. 89, 93, 96). Defendants have filed a response in opposition. (D.E. 94).

On March 28, 2014, a status conference was held to discuss Defendants' dismissal of the interlocutory appeal and Plaintiff's contempt motions. Plaintiff testified that, although he has been granted a preliminary injunction to grow and maintain a ¼ inch beard, he is repeatedly harassed and retaliated against by McConnell Unit employees. He alleges that Warden Currie, Assistant Warden Ramirez, Assistant Warden Monroe, Officer Maria Corpus, and Officer Mark Schenk subjected him to unconstitutional conditions of confinement when they refused to repair his toilet that was not flushing properly. He claims that Captain Thaddeus Hunt and Sergeant Dupnick wrote false disciplinary cases against him for not shaving, and that these officers refused to call maintenance or a plumber to repair Plaintiff's toilet.

Upon further questioning, Plaintiff admitted that, since obtaining injunctive relief to grow and maintain the quarter-inch beard, he has not been ordered to shave, nor has he received a single disciplinary case for failure to groom. Plaintiff did receive a disciplinary case for being out of place, but he conceded that case was in response to his being in the dayroom when he was on restriction. Plaintiff objects to the fact that all off the officers and officials "know" about his success in this lawsuit. However, he admitted that it would be necessary for officers to know that he is allowed to wear a beard because

it presents an exception to the TDCJ grooming policy. Plaintiff pointed out that Sergeant Lopez told him he was "making matters worse" for himself by wearing a beard, but again conceded that he was not ordered to shave or given a disciplinary case. Plaintiff admitted that his toilet was repaired two days after he reported the problem.

## II.     Discussion.

### A.     Plaintiff's motions for contempt.

Civil contempt can serve two different purposes. On one hand, civil contempt is used to enforce, through coerciveness, compliance with a court's order. On the other hand, civil contempt can be used to compensate a party who has suffered unnecessary injuries or costs because of the contemptuous conduct. *See Shillitani v. United States*, 384 U.S. 364, 370-71 (1966). A party seeking to hold an opposing party in contempt in a civil proceeding bears the burden of establishing by clear and convincing evidence that: (1) a court order was in effect; (2) the order required certain conduct by the opposing party; and (3) the opposing party has failed to comply with the court's order. *See Martin v. Trinity Industries, Inc.*, 959 F.2d 45, 47 (5th Cir. 1992). Clear and convincing evidence is "that weight of proof which produces in the mind of the trier of fact a firm belief or conviction as to the truth of the allegation to be established, evidence so clear, direct and weighty and convincing as to enable the fact finder to come to a clear conviction, without hesitancy, of the truth of the precise facts of the case." *Shafer v. Army & Air Force Exchange Service,* 376 F.3d 386, 396 (5th Cir. 2004) (internal citation omitted). Willfulness is not an element of civil contempt. *Petroleos Mexicanos v. Crawford Enterprises, Inc.,* 826 F.2d 392, 401 (5th Cir. 1987). Contempt is committed

only if a person violates a court order requiring, in specific and direct language, that a person do or refrain from doing an act. *Id.*

In the instant case, there is no dispute that on December 20, 2013, the Court entered a preliminary injunction ordering Defendants to allow Plaintiff to wear a quarter-inch beard pending resolution of this case. (D.E. 67). On December 23, 2013, the Court's order was implemented at the McConnell Unit. (*See* D.E. 94, Attachment B at 2, Affidavit of Warden Currie). Since that time, Plaintiff has not received a disciplinary case or otherwise been punished for wearing a beard. (*Id.*, Attachment A, Plaintiff's disciplinary records from August 2013 through March 7, 2013).

At the hearing, Plaintiff admitted that he has not received a disciplinary case or otherwise been punished for wearing a beard. Although he believes Defendants delayed in having his toilet repaired, he offered no evidence to suggest that the two-day delay was an attempt to violate the Court's order. Although Plaintiff complains of comments concerning his beard, he characterized the comments as "teasing" and "harassment," and he acknowledged that he continues to wear his beard without incident. As Plaintiff is well aware, mere verbal threats or teasing do not state a constitutional violation. *See e.g., Anderson v. Kaydo,* 538 Fed. Appx. 409, 410 (5th Cir. 2013). The Court concludes that Plaintiff's complaints against individuals that are not defendants to this lawsuit, that do not prevent him from wearing a beard or otherwise exercising his Muslim faith, and that do not impede upon this Court's order are not sufficiently serious to establish contempt. Accordingly, Plaintiff's motions for contempt (D.E. 89, 93, 96) are denied.

**B.     Stay of proceedings.**

As discussed at the evidentiary hearing, there are several cases pending in federal district courts across Texas wherein prisoners practicing the Muslim faith are challenging the TDCJ's no-beard grooming policy. These cases have progressed independently and are at different stages in the litigation process. However, counsel for Defendants (the Attorney General) advised the Court that the *Ali v. Stephens* action, Case No. 9:09-cv-052, currently pending in the United States District Court for the Eastern District of Texas, Lufkin Division, is set for a bench trial before Magistrate Judge Zack Hawthorn on July 14, 2014. The Attorney General represented that this case presents the TDCJ's best evidence to support its grooming policy, and will effectively be the definitive case to test that policy.[1]

In light of the pending *Ali* case, the Court concludes that it is in the interests of judicial economy to continue the procedural stay of this action until after the *Ali* trial. Plaintiff's preliminary injunction remains in full force and effect.

ORDERED this 11th day of April, 2014.

*[signature]*
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE

---

[1] The Attorney General was asked why *Garner v. Livingston*, Case No. 2:06-cv-218 (S.D. Tex., May 19, 2011) (D.E. 153, 154) (affirmed *Garner v. Kennedy,* 713 F.3d 237 (5th Cir. 2013), which allowed a Muslim practitioner to wear a ¼ beard, does not mandate TDCJ policy. The Attorney General claimed that, prior to *Garner*, it believed the TDCJ's grooming policy was in compliance with the Fifth Circuit's holding in *Demoss v. Crain,* 636 F.3d 145 (5th Cir. 2011), and as such, the TDCJ had not fully explored the costs and other issues raised by offenders seeking to wear ¼ inch beards. It intends to offer such evidence in *Ali.*