UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| TABARI S STRONG, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 2:12-CV-106 |
| | § | |
| BRAD LIVINGSTON, *et al*, | § | |
| | § | |
| Defendants. | § | |

**ORDER DENYING MOTIONS FOR CONTEMPT
AND FOR INJUNCTIVE RELIEF**

Plaintiff Tabari S. Strong is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID), and is currently confined at the McConnell Unit in Beeville, Texas. Through this lawsuit, Plaintiff was previously granted a preliminary injunction to grow and maintain a quarter-inch beard as an exercise of his Muslim faith. (*See* D.E. 67).[1] In the instant motion for contempt, Plaintiff claims that he was given a disciplinary case for wearing a beard in violation of the Court's preliminary injunction order. (D.E. 104). Defendants have filed a response in opposition stating that, although Plaintiff was twice given disciplinary cases for failure to groom, one disciplinary charge was never processed and the other was directed to the fact that Plaintiff's beard exceeded the quarter-inch length, and it too, was not processed, such that Plaintiff was never punished in any manner for either case. (D.E. 106). In turn, Plaintiff has filed a document entitled "Notice Service of Process" complaining that, the week

---

[1] Defendants filed a notice of interlocutory appeal of the Court's order granting Plaintiff's preliminary injunction. (D.E. 70). However, Defendants moved to voluntarily dismiss their appeal and it was dismissed. (D.E. 91).

1 / 6

before Ramadan started, the TDCJ "served one hot meal during the day and a hot meal for breakfast." (D.E. 107/108)[2] However, on June 28, 2014, when Ramadan began, the McConnell Unit was placed on lockdown and all hot meals were discontinued to prevent Muslims from receiving their meals to break their daily fasts.[3] (D.E. 108, p. 2). Plaintiff claims that he and other Muslims housed in 8-Building (administrative segregation) were denied their johnnie sack breakfasts and dinners, and the officers refused to feed them altogether.[4] *Id.* Defendants have construed Plaintiff's pleadings (D.E. 106 and 107) as a request for a permanent injunction to provide Muslim offenders with nutritious meals and allow Plaintiff in particular to attend all Ramadan activities at the McConnell Unit. (D.E. 109).

I. **Current posture of case.**

On December 20, 2013, the Court entered a preliminary injunction ordering Defendants to allow Plaintiff to wear a quarter- inch beard pending resolution of this case. (D.E. 67). On December 23, 2013, the Court's order was implemented at the McConnell Unit. (*See* D.E. 106-2, pp. 2-6, Affidavit of Warden Currie at ¶ 3). On

---

[2] On July 7, 2014, Plaintiff filed a pleading complaining about the lockdown during Ramadan and it appears to have been mistakenly docketed as two separate entries, with pages 1 and 2, filed at D.E. 108, and page 3, plus a copy of the envelope filed at D.E. 107.

[3] This year, for North America, Ramadan began in the evening of Saturday, June 28, 2014, and ended in the evening of Monday, July 28, 2014. The exact dates of Islamic holidays cannot be determined in advance due to the nature of the Islamic calendar. Estimates are based on expected visibility of the *hilal (*waxing crescent moon following a new moon) and may vary according to location. http://islam.about.com/od/calendar/fl/When-is-Ramadan-2014.htm.

[4] The Court has not received complaints from other Muslim prisoners in administrative segregation or even less restrictive housing that they were denied appropriate meals during Ramadan.

December 31, 2013, the Court stayed discovery in this case pending the resolution of *Ali v. Stephens,* Case No. 9:09-cv-052, a similar lawsuit brought by a Muslim inmate challenging the TDCJ's grooming policy that is currently pending in the United States District Court for the Eastern District of Texas, Lufkin Division. A three-day bench trial was conducted in the *Ali* case before Magistrate Judge Zach Hawthorn on July 16-18, 2014, and it is anticipated that a decision will be issued in late September or early October, 2014. In the meantime, Plaintiff is permitted by this Court's December 20, 2013 Order to grow and maintain a quarter-inch beard, (D.E. 68), and the Court looks with disfavor at TDCJ employees mistakenly writing him disciplinary cases, whether those cases are processed or not. However, Plaintiff is reminded that his beard is to remain trimmed to one-quarter inch and that he has not been authorized to grow a fist length beard.

II.     **Alleged violations of the December 20, 2013 preliminary injunction order.**

Plaintiff complains that the law librarian, Candace Moore, in addition to writing him a disciplinary case for failure to groom, has harassed him by denying him lay-ins to the law library. However, Warden Currie has offered in response to Plaintiff's allegations his own affidavit in which he points out that, between April 16, 2013 and June 4, 2014, Plaintiff attended the law library over 240 times. (D.E. 106-2, pp. 2-3, at ¶ 4). In addition, Warden Currie has offered a copy of Plaintiff's law library Offender Session History Report evidencing the exact dates Plaintiff attended the law library between April 16, 2013 through June 5, 2013, and this report shows that Plaintiff had lay-ins to the law library on 246 occasions. (*See* D.E. 102-2, pp. 7-13). Moreover, Plaintiff has not alleged

that any restriction on his law library attendance has caused him to suffer an actual injury in any pending non-frivolous litigation, so his allegations fail to state a cognizable constitutional violation. *See Lewis v. Casey,* 518 U.S. 343, 349-51 (1996) (to state a claim for denial of access to the courts, a prisoner-plaintiff must demonstrate an actual injury through prejudice as a litigant in a pending, nonfrivolous lawsuit). Although it was necessary for Plaintiff to contest the failure to groom disciplinary cases written by Ms. Moore, he did so successfully and does not claim that he was denied access to the law library concerning those claims.[5] Thus, even though Ms. Moore technically violated the preliminary injunction order by writing Plaintiff disciplinary cases for failure to groom, the McConnell Unit administration caught the mistake and the disciplinary cases were not processed against Plaintiff, nor did they become a part of Plaintiff's disciplinary record. (D.E. 106-2, p. 3, Currie Aff't at ¶ 4).

Plaintiff also complains of noncomplainace with the preliminary injunction order on April 12, 2014, when he was ordered by Officer Mican to get a haircut and a clipper shave due to his beard being longer than the quarter inch allowed by the preliminary injunction order. Warden Currie personally reviewed Officer Mican's offense report, believed that Plaintiff's beard did in fact exceed the length authorized by the Court's order, and he allowed the case to be filed. (D.E. 106-2, p. 3, Currie Aff't at ¶ 5). Per TDCJ policy, a disciplinary case must be heard within thirty days of the charge being

---

[5]Ms. Moore charged Plaintiff with failure to groom in a case dated May 14, 2014; however, it was not properly processed and so she rewrote the same case again on May 20, 2014. Both reports were not properly written and were dismissed after being turned in to Ms. Moore's shift advisor. (D.E. 106-2, p. 3, Currie Aff't at ¶ 4). The reports never proceeded to a disciplinary hearing and did not become a part of Plaintiff's disciplinary record. *Id.*

filed against the offender.  *Id.*  In this case, a hearing was not conducted within thirty days, and on May 12, 2014, Assistant Warden Putnam dismissed the case.  *Id.*  Warden Currie admits that there was some "miscommunication" about the case being dismissed, and on May 23, 2014, a disciplinary hearing was mistakenly conducted on the dismissed charges.  *Id.*  However, once the mistake was realized, the hearing record was dismissed and did not become part of Plaintiff's disciplinary record.  *Id.*

Plaintiff's allegations of disciplinary charges being filed against him in violation of the preliminary injunction order do not stand up under closer inspection.  Although mistakes have been made, given the fact that only a small number of inmates can maintain a quarter-inch beard, combined with historic staff shortages, it is not surprising that some mistakes have been and will continue to be made.  However, Warden Currie's own affidavit reveals that mistakes are getting caught before the offender is punished, and this fact alone is encouraging.  There is no conduct to support contempt charges concerning the preliminary injunction order and Plaintiff's beard.

### III.  Complaints about Ramadan.

Plaintiff claims that, on the first day of Ramadan, the McConnell Unit went on lockdown, and as a consequence thereof, inmates were required to stay in their cells and living spaces and rather than hot meals in the chow hall, cold, sack meals were served. He claims further that Muslim prisoners in administrative segregation did not receive their meals at all on some days. (D.E. 107, 108).  Defendants characterize these complaints as a request for a permanent injunction to receive nutritious meals and to

participate in all Ramadan activities at the McConnell Unit, (D.E. 109), and Plaintiff filed a response in opposition. (D.E. 110).

First, Ramadan is now over, so Plaintiff's claims to participate in all Ramadan activities or to receive his meals after and before daylight are moot at this time. In any event, these issues are unrelated to the issues in this lawsuit. Plaintiff is free to exhaust his administrative remedies and file a new lawsuit if appropriate. The Court declines to address unrelated and moot issues in this lawsuit. Plaintiff's motions (D.E. 107, 108) are denied without prejudice.

## IV. Conclusion.

Taking Plaintiff's allegations as true, there is simply no basis for contempt charges against Defendants for violating the preliminary injunction order. Warden Currie's affidavit is sufficient evidence that Defendants are attempting to comply with the preliminary injunction order as best they can and Plaintiff has been able to maintain his quarter-inch beard satisfactorily. Accordingly, Plaintiff's motion for contempt (D.E. 104) is denied.

As to Plaintiff's complaints about Ramadan, the Court declines to address the issues in this lawsuit. Plaintiff's motions, construed as motions for injunctive relief (D.E. 107, 108), are denied without prejudice.

ORDERED this 18th day of August, 2014.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE