...

Case 2:12-cv-00106   Document 145   Filed in TXSD on 03/07/17   Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
March 07, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| TABARI S STRONG, *et al*, § § Plaintiffs, § VS. § BRAD LIVINGSTON, *et al*, § § Defendants. § § § § § § | CIVIL ACTION NO. 2:12-CV-106 |

## MEMORANDUM AND RECOMMENDATION

Pending in this case is Defendant Michael Collier's motion for summary judgment filed on November 4, 2016 in which he argues that Plaintiff Tabari Strong's lawsuit should be dismissed because it is moot (D.E. 141). Plaintiff responded to the motion on November 16, 2016 (D.E. 142). For the reasons explained more fully below, it is recommended that Defendant's motion for summary judgment be granted.

## JURISDICTION

Jurisdiction and venue are proper in this court because the actions about which Plaintiff complains occurred in Beeville, Bee County, Texas, which is located in the Corpus Christi Division of the Southern District of Texas. 28 U.S.C. 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959 (5th Cir. 2000).

## BACKGROUND

Plaintiff filed this lawsuit on April 9, 2012 pursuant to the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc-1(a) (RLUIPA), asking to be allowed to maintain a fist-length, or four-inch, beard consistent with his religious beliefs (D.E. 1).

In the alternative, Plaintiff asked to be allowed to grow a beard of at least one-quarter inch (*Id.*). While Plaintiff's lawsuit has been pending, the issue of inmates being allowed to grow beards for religious purposes has been the subject of much litigation. A series of decisions from the U.S. Supreme Court and the Fifth Circuit Court of Appeals have made it clear that as a general rule, inmates should be allowed to grow a fist-length beard. *See Holt v. Hobbs*, 135 S.Ct. 853, 862-863 (2015) (Arkansas Department of Corrections' no-beard policy violated RLUIPA because it was not the least restrictive means of achieving legitimate interest in maintaining security and control in the prisons); *Garner v. Gutierrez*, 713 F.3d 237, 247 (5th Cir. 2013)(TDCJ inmates allowed to grow and wear a quarter-inch beard after it was determined that the no-beard policy did not provide the least restrictive means of maintaining TDCJ's legitimate interest in identification of inmates and security in prison); *Ali v. Stephens*, 822 F.3d 776 (5th Cir. 2016)(TDCJ did not meet its burden under RLUIPA with respect to its denial of inmate's request to grow a fist-length beard not to exceed four inches).

Based on the outcome of the beard litigation, TDJC has changed its policy for inmates who wish to grow beards for religious purposes. According to the assistant warden at the McConnell Unit, Plaintiff has been allowed to wear a four-inch beard since July 25, 2016 (Aff. of Kenneth Putnam, D.E. 141-1 at p. 1). TDCJ officially changed its policy effective February 1, 2017 to allow for four-inch religious beards (D.E. 144, 144-1). Absent any unforeseen disciplinary issues or failure to abide by the religious beard specifications outlined in the TDCJ Offender Orientation Handbook, the warden states that he anticipates Plaintiff will continue to be allowed to wear a four-inch religious beard

(*Id.*).  Inmates who are allowed to wear a four-inch religious beard are subject to a requirement that they shave once a year and have a clean-shaven picture taken for identification purposes.  They may grow the beard back after the picture has been taken (*Id.*).

Plaintiff filed a separate action in this court on April 22, 2016.  *Strong v. Livingston, et al.*, No. 2:16-cv-131 (S.D. Tex., filed April 22, 2016).  Following a *Spears*[1] hearing, it was recommended that Plaintiff be allowed to proceed on several claims he made in that proceeding, including a challenge to the TDCJ policy that he must shave once a year in order to take a clean-shaven picture for identification purposes (D.E. 12 in that litigation at pp. 11-15).  The claims in that lawsuit are still pending.

In the motion for summary judgment filed in this case, Defendant argues that because Plaintiff has been allowed to grow a fist-length beard, his claim is now moot and should be dismissed.  Plaintiff counters that not all the relief he sought has been granted.  He appears to seek a ruling from this Court stating that TDCJ will not be allowed to make him shave in response to any disciplinary case it may bring against him in the future.  In addition, Plaintiff argues that his lawsuit should not be dismissed because TDCJ has a history of "misguiding the court and retracting/breaching contracts made in this cause."  Plaintiff also asks that all court costs be paid by Defendant (D.E. 142 at pp. 1-2).

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); see also *Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996)(stating that testimony given at a *Spears* hearing is incorporated into the pleadings.)

## DISCUSSION

### A. Mootness

If a controversy between parties resolves to the point that they no longer qualify as "'adverse parties with sufficient legal interests to maintain the litigation,'" a court is without power to entertain the case. *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 324 (5th Cir. 2009)(quoting *United States v. Laers-Meraz*, 452 F.3d 352, 351 (5th Cir. 2006)(per curiam)). This general rule is subject to several exceptions. For example, if a defendant voluntarily ceases a complained-of activity, a case is not ordinarily mooted because the defendant could eject a plaintiff on the eve of judgment and then resume the complained-of activity without fear of flouting a court order. Under those circumstances, a plaintiff would face the hassle, expense, and injustice of having to relitigate the claim without the possibility of obtaining lasting relief. *Sossamon*, 560 F.3d at 324. The party alleging mootness bears the heavy burden of showing that it is absolutely clear that the allegedly wrong behavior could not reasonably be expected to recur. *Id.* at 325 (citing *Friends of the Earth, Inc. v. Laidlaw Environmental Services, Inc.*, 528 U.S. 167, 189 (2000)).

"On the other hand, courts are justified in treating a voluntary governmental cessation of possibly wrongful conduct with some solicitude, mooting cases that might have been allowed to proceed had the defendant not been a public entity." *Id.* (citations omitted). "[G]overnment actors in their sovereign capacity and in the exercise of their official duties are accorded a presumption of good faith because they are public servants,

not self-interested parties.  Without evidence to the contrary, we assume that formally announced changes to official governmental policy are not mere litigation posturing." *Id*.

In *Sossamon*, the plaintiff complained that inmates who were on cell restriction were not allowed to attend religious services.  While the case was on appeal, the director of TDCJ notified the appellate court via a letter accompanied by an affidavit that the prison system had ended the policy of preventing general-population prisoners on cell restriction from attending religious services.  *Id.*, 560 F.3d at 324.  The court found that the affidavit was sufficient because the director swore that he was the party responsible for enforcing TDCJ administrative directives, that the Executive Director of the TDCJ had revised the relevant administrative directive and that prisoners on cell restriction would now be allowed to attend religious services.  *Id.* at 325.  The court further found that any claim that the inmate might be removed from the general population was too speculative to avoid mooting the case and that the court could not foresee how a claim made by a prisoner presenting special security concerns might differ.  Finally, the court noted that the fact that the policy change was state-wide obviated any concern that local prison officials might change their minds on a whim or that the inmate might be transferred to a different facility with different rules.  *Id.*

TDCJ officially changed its religious beard policy on February 1, 2017. Defendant provided a copy of the policy to the Court on March 3, 2017 (D.E. 144, 144-1).  Inmates who wish to grow beards as part of their religious practices are allowed to do so as long as the beard is no more than fist length and does not extend more than four inches outward from the face.  Beard length is measured by having the offender grasp the

beard with his fist. Facial hair extending beyond the fist is considered out of compliance and must be trimmed (D.E. 144-1 at p. 5). Offenders with a security precaution designator for escape, or attempted escape, or both, are not allowed to grow a religious beard (*Id.* at p. 6). If an offender attempts to conceal contraband in a religious beard he will no longer be able to grow a religious beard and will be charged with possession of contraband (*Id.*). Offenders who want to grow a religious beard must submit an Inmate Request to an Official form to the warden or designee at each unit.

Approximately thirty days after an offender is approved to grow a religious beard, the bearded offender will be scheduled to take a photo and a new offender identification card will be issued. Offenders with religious beards are required to take a clean-shaven photo each year, during the month of the offender's birthday. The photo is captured and stored for identification purposes only. If an offender refuses to shave for the required photos, only the amount of force necessary to gain compliance with the order shall be used, unless precluded by medical orders, and will be administered in compliance with the *TDCJ Use of Force Plan* (*Id.* at pp. 6-8).

Based on a review of the policy, it appears that TDCJ has changed its grooming policy to allow inmates to grow a four-inch beard for religious reasons, which was the relief originally sought by Plaintiff. Accordingly, there is no longer a controversy between parties such that they qualify as adverse parties with sufficient legal interests to maintain the litigation. Plaintiff argues that TDCJ has a history of retracting or breaching contracts made in this case such that the agency is not trustworthy. However, given the fact that TDCJ has made the policy change to its entire system, and that the changes were

inspired at least in part by orders issued by the United States Supreme Court and the Fifth Circuit Court of Appeals, it is assumed that the changes are permanent and not mere litigation posturing. Thus, Plaintiff's lawsuit should be dismissed because his claims have become moot.

### B.  Additional Relief Sought

Plaintiff also seeks a ruling that TDCJ may not discipline him by requiring him to shave his beard because it would be a violation of his right to practice his religion. However, such a claim is not ripe and the Court does not have jurisdiction over it. *Shields v. Norton*, 289 F.3d 832, 834-835 (5th Cir. 2002).  "Article III of the Constitution confines federal courts to the decision of 'cases' and 'controversies.'  A case or controversy must be ripe for decision, meaning that it must not be premature or speculative.  That is, ripeness is a constitutional prerequisite to the exercise of jurisdiction." *Id.* (citations omitted).  Ripeness is a justiciability doctrine designed to prevent courts from entangling themselves in abstract disagreements over administrative practices. *National Park Hospitality Ass'n v. Dept. of Interior*, 538 U.S. 803, 807.  It also protects agencies from judicial interference until an administrative decision has been formalized and its effects have been felt by the challenging parties. *Id.* at 807-808.

Any claim Plaintiff may have based on possible disciplinary action in the future is speculative.  Accordingly, the Court does not have jurisdiction over a such a claim and it should be denied without prejudice.

### C. Costs

Plaintiff also asks that all court costs be paid by Defendant. Rule 54(d) of the Federal Rules of Civil Procedure provides that costs should be awarded to the prevailing party. Rule 54(d)(1) addresses costs other than attorney's fees: "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Costs are limited by 28 U.S.C. § 1920, which provides that filing fees, among other expenses such as copying, printing and witnesses fees, may be taxed as costs.

Local Rule 54.2 provides that "[a]n application for costs shall be made by filing a bill of costs within 14 days of the entry of a final judgment." Objections to an allowance of the bill must be made within 7 days of the application. Because final judgment has not been entered in this case, Plaintiff's request for costs is premature. Accordingly, it should be denied without prejudice.

### RECOMMENDATION

Based on the foregoing, it is respectfully recommended that Defendant Collier's Motion for Summary Judgment (D.E. 141) be granted and Plaintiff's cause of action be DISMISSED as moot because Plaintiff has been granted the relief he sought in this lawsuit. Plaintiff's request for an order that TDCJ not punish him for a disciplinary infraction by ordering him to shave his beard should be DENIED because it is not ripe for

adjudication. Plaintiff's request to be awarded his costs in this case should be DENIED without prejudice because it is premature.

Respectfully submitted this 7th day of March, 2017.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).