UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| TABARI S STRONG, *et al*, § | |
| § | |
| Plaintiffs, § | |
| VS. § | CIVIL ACTION NO. 2:12-CV-106 |
| § | |
| BRYAN COLLIER,[1] *et al*, § | |
| § | |
| Defendants. § | |

## OPINION AND ORDER DENYING MOTION FOR FILING FEE AND COURT COSTS

Pending is Plaintiff's motion for reimbursement of the filing fee and court costs (D.E. 151-1, 151-2). In this lawsuit, Plaintiff sought damages and injunctive relief for violations of his Constitutional Rights pursuant to 42 U.S.C. § 1983 as well as for violation of his right to practice his Muslim faith pursuant to the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc. Specifically he claimed that his right to grow a fist-length beard, a central tenant of his Muslim faith, was being violated by the Texas Department of Criminal Justice – Criminal Institutions Division (TDCJ-CID) policy requiring him to be clean shaven at all times. All Constitutional claims were dismissed, leaving only Plaintiff's claim for violation of RLUIPA.

---

[1] Bryan Collier replaced Brad Livingston as the Executive Director of the Texas Department of Criminal Justice (TDCJ). The Clerk shall substitute Bryan Collier as the proper official capacity Defendant. FED. R. CIV. P. 25(d).

During the course of the litigation, and after the Supreme Court decision in *Holt v. Hobbs*, 135 S.Ct. 853 (2015), TDCJ-CID twice changed its grooming policy, first to allow Muslim inmates to grow a half-inch beard, and most recently, to allow Muslim inmates to grow a four-inch beard. Once the policy was updated to allow Plaintiff to wear a four-inch beard, his action was dismissed as moot (D.E. 145, 148, 149).[2] Plaintiff now seeks reimbursement of the filing fee as well as his court costs.

A prevailing party is eligible for reimbursement of filing fees and costs. 28 U.S.C. § 1920; FED. R. CIV. P. 54(d)(1). Even though Plaintiff eventually received the relief he was requesting, a change in TDCJ-CID policy to accommodate the practice of his Muslim faith, he is not considered to be a prevailing party as that term has been interpreted. A litigant should be considered a prevailing party when he "has obtained a judgment on the merits, a consent decree, or some other form of judicially sanctioned relief." *El Paso Independent Sch. Dist. v. Richard R.,* 591 F.3d 417 422 (5th Cir. 2009)(citing *Buckhannon Board and Care Home, Inc. v. West Virginia D.H.H.R.*, 532 U.S. 598, 605 (2001)). While both the *El Paso* and *Buckhannon* cases discuss "prevailing party" in the context of attorneys fees, the term "prevailing party" bears the same meaning in connection with an award of court costs. *Highway Equip. Co. v. FECO, Ltd.,* 469 F.3d 1027, 1035 (8th Cir. 2006) (citing cases from Second and D.C. Circuits). "A defendant's voluntary change in conduct, although perhaps accomplishing what the

---

[2] Plaintiff's objections to the new policy are the subject of a separate lawsuit still pending in this court, *Strong v. Livingston,* Cause No. 2:16cv131.

plaintiff sought to achieve by the lawsuit, lacks the necessary judicial imprimatur on the change." *Buckhannon*, 532 U.S. at 605.

Accordingly, the motions for reimbursement of the filing fee and costs (D.E. 151-1, 151-2) are denied.

ORDERED this 12th day of April, 2017.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Any party requesting review of this order by the District Judge must file objections within fourteen days of the date of receipt of a copy of this order. FED. R. CIV. P. 72(a).